IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Criminal Action No. 11-cr-00192-MSK

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1. WILLIE LEE REAVES,**

    Defendant.

___

## OPINION AND ORDER DISMISSING § 2255 PETITION
___

**THIS MATTER** comes before the Court pursuant to Mr. Reaves's Motion to Vacate **(#195)** his sentence pursuant to 28 U.S.C. § 2255, the Government's response **(# 205)**, and Mr. Reaves' reply **(# 221)**.

In 2011, Mr. Reaves pled guilty to one count of Brandishing a Firearm During A Crime of Violence (a bank robbery), in violation of 18 U.S.C. § 924(c). In 2012, the Court sentenced Mr. Reaves to 84 months of imprisonment. Mr. Reaves did not file an appeal.

On June 20, 2016, Mr. Reaves, through counsel, filed the instant Motion to Vacate, challenging the legal sufficiency of his conviction. Mr. Reaves argues that the § 924(c) count was necessarily predicated on 18 U.S.C. § 924(c)(3)(B) (sometimes called the "residual clause"), and that the U.S. Supreme Court's ruling in *Johnson v. U.S.*, 135 S.Ct. 2551 (2015), renders that provision of the statute unconstitutionally vague. The Government, in response, argues that Mr. Reaves' petition is untimely.

It is well-settled that a *habeas* petition must be brought within one year of the petitioner's

conviction having become final. 28 U.S.C. § 2255(f)(1). Mr. Reaves's conviction became final in or about 2012, when he failed to file a timely appeal from his sentence. Thus, any § 2255 petition Mr. Reaves filed after 2013 would be untimely.

There is an exception to the one-year limitation period, however. If the U.S. Supreme Court "newly recognize[s]" a right and makes that finding retroactive, a defendant has one year from the date that right is "initially recognized" by the Supreme Court to bring a § 2255 petition invoking that new right. 28 U.S.C. § 2255(f)(3). Mr. Reaves argues that the Supreme Court decided *Johnson* on June 26, 2015, and that therefore his petition, filed on June 20, 2016, is timely under §2255(f)(3).

Unfortunately, the 10th Circuit has squarely addressed the issue and concluded that the Supreme Court's *Johnson* ruling – which declared certain portions of the Armed Career Criminal Act ("ACCA") void for vagueness – does <u>not</u> "recognize" a new right for defendants convicted under other federal statutes, even if those statutes contain language that is identical to the ACCA. The 10th Circuit formally announced this rule in *U.S. v. Greer*, 881 F.3d 1241 (10th Cir. 2018). There, a defendant was sentenced under §4B1.2(a)(2) of the Sentencing Guidelines, which were at the time, considered to be mandatory. That provision of the Guidelines contains language identical to the ACCA. The defendant filed a § 2255 petition, invoking *Johnson* and arguing that his sentence should be vacated for the same reasons. The 10th Circuit found that the defendant's petition was untimely, even under §2255(f)(3), because "the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA." *Id.* at 1248. Even though §4B1.2(a)(2) of the Guidelines contained identical language to the ACCA, the 10th Circuit refused to find that *Johnson* "recognized" the same right in the Guidelines context: "Mr. Greer asserts [ ] a right not to be

sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines. The Supreme Court has recognized no such right. And nothing in *Johnson* speaks to the issue." *Id.* The clear thrust of *Greer* is that *Johnson* claims can be timely raised only by defendants who were <u>actually</u> sentenced under the ACCA's residual clause; defendants sentenced under analogous statutes have yet to have their rights specifically recognized by the Supreme Court. And without Supreme Court precedent expressly recognizing their rights in the particular context in which they were sentenced, they cannot rely on § 2255(f)(3) to bring what would otherwise be an untimely § 2255 petition.

The 10th Circuit also has applied the rule of *Greer* to cases that are factually-identical to this case. In *U.S. v. Autobee*, 701 Fed.Appx. 710 (10th Cir. 2017), the defendant, like Mr. Reaves, pled guilty in 2006 to counts under 18 U.S.C. § 924(c), arising out of armed bank robberies. Within days of *Johnson* being decided in 2015, the defendant filed a § 2255 petition arguing that *Johnson*'s logic would declare § 924(c)(3)(B) unconstitutional as well. The 10th Circuit acknowledged that its prior precedent might support the defendant's claims on the merits, but found the petition was untimely because "the question is not whether a court of appeals has recognized the right at issue, but instead whether the Supreme Court has done so." *Id.* at 714. It held that "[e]ven if we were to conclude that the reasoning of *Johnson* should be extended to invalidate § 924(c)(3)(B) . . . *Johnson* does not dictate the right Mr. Autobee asserts, as he seeks an altogether new right the Supreme Court has yet to recognize. Because §2255(f)(3) contemplates a new right recognized by the Supreme Court, rather than a lower court, he cannot avail himself of that provision." The Circuit Court dismissed the petition as untimely (and denied a Certificate of Appealability). *See also U.S. v. Salvador*, ___ Fed.Appx. ___, 2018 WL 1001264 (10th Cir. Feb. 21, 2018) (on the same facts, finding "a defendant cannot invoke

*Johnson* to proceed under § 2255(f)(3) unless the defendant is challenging on vagueness grounds the ACCA's residual clause").

Thus, Mr. Reaves' petition is dismissed as untimely. If at some point in the future, the Supreme Court expressly rules that the residual clause of § 924(c) is unconstitutional, Mr. Reaves will then have one year in which to: (i) seek certification from the 10th Circuit to bring a successive petition based on the new Supreme Court decision, and (ii) bring the petition.

The Court is mindful of the peculiar, perhaps even Kafka-esque, procedural situation in which Mr. Reaves finds himself. He continues to serve a sentence that might very well be unconstitutional.[1] Nevertheless, Mr. Reaves must wait – and serve -- until some other defendant with a timely claim is able to convince the Supreme Court to address the language in the statue under which he was convicted.

For the foregoing reasons, the Court **DISMISSES** Mr. Reaves's Motion to Vacate **(#195)**. For the reasons set forth in *Autobee* and *Salvador*, the Court denies a Certificate of Appealability.

Dated this 5th day of April, 2018.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge

---

[1] It is anticipated that the 10th Circuit will address the question of the § 924(c) residual clause's constitutionality in *U.S. v. Hopper*, 10th Cir. Case No. 15-2190. A result in *Hopper* is expected imminently.